Case 4:16-cv-02752 Document 12 Filed in TXSD on 02/15/17 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRANDON JEWEL CORNETT, (TDCJ-CID #1733560) § § § § Petitioner, § § VS. § LORIE DAVIS, § § Respondent. | CIVIL ACTION NO. H-16-2752 |

**MEMORANDUM ON DISMISSAL**

Petitioner Brandon Jewel Cornett seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 184th Judicial District Court of Harris County, Texas. Respondent filed a motion to dismiss the petition for writ of habeas corpus for failure to exhaust available state court remedies. (Docket Entry No. 9). Respondent also filed copies of the state court record. Petitioner has not filed a response.

Having considered the motion, the record, and applicable authorities, the court grants Respondent's motion for the reasons stated below.

**I. Background**

A jury found Cornett guilty of the felony offense of murder in Cause Number 125431201010. On August 2, 2011, the jury sentenced Cornett to 42 years imprisonment. The First Court of Appeals of Texas affirmed Cornett's conviction on February 28, 2013. The Texas Court of Criminal Appeals refused Cornett's petition for discretionary review on June 12, 2013. Cornett filed an application

for state habeas corpus relief on June 9, 2014, which is still pending before the Texas Court of Criminal Appeals. *Ex parte Cornett,* Application No. 85,860-01.

On September 7, 2016, this court received Cornett's federal petition. Cornett contends that his conviction is void for the following reasons:

(1) He was denied his right to trial counsel because his attorney:

   a. failed to object to a non-unanimous verdict;

   b. failed to raise temporary insanity;

   c. failed to investigate his mental condition; and

   d. failed to request expert on spousal abuse;

(2) The jury instructions violated his due process rights because they incorrectly instructed the jury regarding unanimity on the sudden passion issue;

(3) The state violated his due process rights by improperly introducing evidence of prior convictions; and

(4) He was denied his right to appellate counsel because he failed to raise trial counsel's deficiencies on direct appeal.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

**II.   The Issue of Exhaustion**

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). In *Lindh v. Murphy,* 117 S. Ct. 2059 (1997), the Supreme Court held that the AEDPA's amendments apply only to cases filed after the AEDPA's effective date of April 24, 1996. Cornett filed his federal petition on September 7, 2016, and his petition is subject to review under the recent amendments.

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied,* 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

A state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement is based on the principle of comity and federalism. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983). In a federal system, the states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Id.* A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)).

The Fifth Circuit requires claims to be presented to the state's highest court, even when the review is discretionary. *Magouirk v. Phillips,* 144 F.3d 348, 360 (5th Cir. 1998)(citing *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985)). Respondent argues that Cornett's claims must be dismissed because he has failed to exhaust his state court remedies as to all of the claims raised in Cornett's federal petition. Respondent argues that Cornett's application for a writ of habeas corpus is pending in the Texas Court of Criminal Appeals.

Congress has codified the doctrine of exhaustion of state remedies, reflecting the policy of federal-state comity. Title 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Cornett has neither alleged nor demonstrated a statutory exception to the exhaustion doctrine. Texas law allows Cornett to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. As noted, Cornett's state application for a writ of habeas corpus is pending in the Texas Court of Criminal Appeals. Cornett must exhaust available state court remedies before proceeding with this federal petition.

### III. Conclusion

Respondent's Motion to Dismiss for Failure to Exhaust Available State Court Remedies, (Docket Entry No. 9), is GRANTED. Cornett's petition for a writ of habeas corpus is DENIED.

This case is DISMISSED without prejudice for failure of Cornett to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction. 28 U.S.C. § 2254. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Cornett has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on ___Feb. 15___, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE